**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERONIMO IBARRA GUERRERO;
MARCELA IBARRA,

              Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 07-74681

Agency Nos. A095-175-965
             A095-175-966

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2011[**]
Pasadena, California

Before: FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

    Jeronimo Ibarra Guerrero and Marcela Ibarra petition for review of the

Board of Immigration Appeals' ("BIA") denial of their motion to reopen. We deny

the petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

To the extent we have jurisdiction to review the BIA's denial of the Ibarras' motion to reopen, *Fernandez v. Gonzales*, 439 F.3d 592, 601–602 (9th Cir. 2006); *accord Garcia v. Holder*, 621 F.3d 906, 910–11 (9th Cir. 2010), we conclude the BIA did not abuse its discretion. *Singh v. I.N.S.*, 295 F.3d 1037, 1039 (9th Cir. 2002) (reversal warranted only if BIA denial was "arbitrary, irrational, or contrary to law"). The BIA considered the evidence proffered by the Ibarras and acted within its broad discretion to determine it was insufficient to establish prima facie eligibility for cancellation of removal. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992) ("The granting of a motion to reopen is . . . discretionary, . . . the Attorney General has 'broad discretion' to grant or deny such motions." (citations omitted)).

Because the evidence was insufficient to establish prima facie eligibility for relief, the Ibarras failed to demonstrate the prejudice necessary to support a claim of ineffective assistance of counsel. *Ortiz v. I.N.S.*, 179 F.3d 1148, 1153 (9th Cir. 1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

Finally, even assuming the Ibarras' 60-day voluntary departure period was stayed or tolled during the pendency of their motion to reopen, *compare Nevarez Nevarez v. Holder*, 572 F.3d 605, 610 (9th Cir. 2009), *with Dada v. Mukasey*, 554 U.S. 1, 21 (2008), it began to run again after their motion was denied. *Azarte v.*

2

*Ashcroft*, 394 F.3d 1278, 1289 (9th Cir. 2005).  It therefore expired before the

Ibarras filed their petition for review and motion to stay with this court.

**PETITION FOR REVIEW DENIED**.